Mr. Justice Clayton
delivered the opinion of the court.
This bill was filed to obtain a new trial at law, after a verdict and judgment in favor of the plaintiff at law, and after forthcoming bond given and forfeited. The bill was filed about two years after the judgment. The rule upon this subject, is thus stated by Chancellor Kent in Floyd v. Jayne, 6 Johns. Ch. Rep. 482. “ It is the settled doctrine and practice of this court, as well as of courts of law, that a party is not entitled to relief after verdict, upon testimony, which with ordinary care and diligence, he might have procured and used upon the trial at law. It would be establishing a grievous precedent, and one of *608 great public inconvenience, to interfere in any other case than one of indispensable necessity, and wholly free from any kind of negligence.” See also Land v. Elliott, 1 S. & M. 611. There is no allegation of fraud used in obtaining the judgment.
The facts relied on to procure a new trial, it is true, have been discovered since the trial at law. But an ordinary degree of diligence would have brought them to light, before the trial, quite as well as since. They are the opinions of physicians as to the nature of the disease, under which complainant was suffering ; and no reason is shown why they were not consulted at an earlier period.
The decree of the vice-chancery court, granting a perpetual injunction to the judgment at law, and awarding a new trial, is against the principle above laid down. It is therefore reversed and the bill dismissed.
Decree reversed.